**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| WJH Construction, LLC, | § | Case No. 25-13514-AMC |
| Debtor. | § | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO APPLICATION TO EMPLOY ELLEN DEPAUL AND CANTOR NOVAK BEAVER & PIKE, PC. AS ACCOUNTANT FOR DEBTOR**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby files this objection (this "Objection") to the *Application to Employ Ellen De Paul and Cantor Novak Beaver & Pike, PC as Accountants for the Debtor* (Docket No. 75) (the "Application"). In support of this Objection, the U.S. Trustee states as follows:

**BACKGROUND**

1. On September 3, 2025 (the "Petition Date"), WJH Construction, LLC (the "Debtor") filed a voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code").

2. On August 11, 2026, the Debtor filed the Application, pursuant to which it seeks to retain Ellen DePaul and Cantor Novak Beaver & Pike as accountants for the Debtor (the "Accountant").

3. The U.S. Trustee objects to the Application because it fails to include a verified statement executed by the Accountant as required by the *Federal Rules of Bankruptcy Procedure* (the "Bankruptcy Rules") and *Local Bankruptcy Rules for the United States Bankruptcy Court Eastern District of Pennsylvania* (the "Local Rules"). *See,* Bankruptcy Rule 2014(a) and Local Rule 2014-1(b).

**OBJECTION**

4. Bankruptcy Code section 327 delineates the substantive standards for employment of counsel, while Bankruptcy Rule 2014(a) governs the information attorneys must disclose before the court can determine whether retention passes the requirements of Bankruptcy Code section 327.

5. Bankruptcy Rule 2014(a) provides that an application for employment of a professional *must* be accompanied by a verified statement of the person to be employed. Local Bankruptcy Rule 2014-1 reinforces this requirement, mandating that the professional's specific disclosures and verified statement *shall* accompany the application at the time of filing. Local Rule 2014-1(b).

6. Attorneys who seek approval by the court to represent a debtor pursuant to Bankruptcy Code section 327(a) must file an application for employment that complies with the disclosure requirements of Bankruptcy Rule 2014. *In re Harris Agency, LLC*, 462 B.R. 514, 523 n.3 (E.D. Pa. 2011). The professional seeking to be retained must make spontaneous, full, complete, and timely disclosure of all of the professional's connections to the debtor, creditors and

any other party in interest. *In re Harris Agency, LLC*, 462 B.R. at 525 n.3; *In re Vascular Access Ctrs., L.P.*, 613 B.R. 613, 625 (Bankr. E.D. Pa. 2020).

7. The professional seeking to be retained pursuant to Bankruptcy Code section 327(a) bears the burden of establishing that it is both disinterested and does not represent an interest adverse to the estate. *In re Vascular Access Ctrs., L.P.*, 613 B.R. 613, 624 (Bankr. E.D. Pa. 2020).

8. Rule 2014(a) places the burden of disclosure on the attorneys the estate seeks to employ. *In re Harris Agency, LLC*, 451 B.R. 378, 390 (Bankr. E.D. Pa. 2011), *aff'd sub nom In re Harris Agency, LLC*, 462 B.R. 514 (E.D. Pa. 2011). The purpose behind Rule 2014(a) is to ensure that all facts relevant to a party's professional qualification are before the court so the bankruptcy court can determine whether the connections disqualify the applicant or if further inquiry into the matter is required. "The professional's duty to disclose is self-policing." *In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998).

9. The Third Circuit has determined that pursuant to Bankruptcy Rule 2014(a), all facts that may be pertinent to a court's determination of whether an attorney is disinterested or holds an adverse interest to the estate must be disclosed. *In re Vascular Access Ctrs., L.P.*, 613 B.R. 613, 625 (Bankr. E.D. Pa. 2020) (citing *In re Jade Mgmt. Servs.*, 386 F. App'x 145, 150 (3d Cir. 2010)). The disclosures are not discretionary and lawyers cannot pick and choose which connections are irrelevant or trivial. *Vascular Access Ctrs., L.P.*, 613 B.R. at 625 (internal citations omitted). Furthermore, it is not the obligation of the bankruptcy

court to search the record for possible conflicts of interest. *Id.* Instead, that obligation belongs to the party who seeks employment by the bankruptcy estate. *Id.*

10. The Debtor's Application does not include a verified statement signed by the Accountant. Without this verified statement, the Court, the U.S. Trustee, and parties in interest cannot determine whether the Accountant is qualified for retention. As a result, the Application cannot be approved as filed.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests that this Court deny the Application and grant such other and further relief as may be just and proper.

Dated: August 13, 2026

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: 202.934.4154
John.Schanne@usdoj.gov