**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WJH Construction, LLC, | § | Case No. 25-13514-AMC |
| | § | |
| Debtor. | § | |
| | § | |

**SUPPLEMENTAL OBJECTION OF THE UNITED STATES TRUSTEE TO APPLICATION TO EMPLOY ELLEN DEPAUL AND CANTOR NOVAK BEAVER & PIKE, PC. AS ACCOUNTANT FOR DEBTOR**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby files this objection (this "Objection") to the *Application to Employ Ellen De Paul and Cantor Novak Beaver & Pike, PC as Accountants for the Debtor* (Docket No. 75) (the "Application"). In support of this Objection, the U.S. Trustee states as follows:

**BACKGROUND**

1. On August 11, 2026, WJH Construction, LLC (the "Debtor") filed the Application, pursuant to which it seeks to retain Ellen DePaul and Cantor Novak Beaver & Pike as accountants for the Debtor (the "Accountant").

2. On August 13, 2026, the U.S. Trustee filed the *Objection to the Application* (Docket No. 79) (the "Objection"),[1] pursuant to which the U.S. Trustee

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

objected to the Application because it failed to include a verified statement as required by the Bankruptcy Rules and Local Rules.

3. On August 19, 2026, the Debtor filed the *Affidavit Of Proposed Accountant For The Debtor* (Docket No. 83) (the "Retention Affidavit").

4. Pursuant to the Retention Affidavit, the Accountant discloses that it received multiple unauthorized post-petition payments (the "Improper Payments") that it demanded the Debtor provided. Retention Affidavit, ¶ 8 ("Debtor has made two [sic] post-petition payments to my firm in the amounts of $1,697.50 on April 1, 2026; $1,000.00 on May 21, 2026; and $595.00 on June 4, 2026. **My firm required these payments** in order for WJH to remain a client throughout the bankruptcy.") (emphasis added).

**OBJECTION**

5. Professionals cannot receive and apply funds from a debtor post-petition absent Court approval. *See* 11 U.S.C. § 330. Any such transfer is avoidable pursuant to Bankruptcy Code section 549. A professional that has received an avoidable transfer is not a "disinterested person." *See In re Pillowtex, Inc.*, 304 F.3d 246, 255 (3d Cir. 2002); *United States Trustee v. First Jersey Secs., Inc. (In re First Jersey Secs., Inc.)*, 180 F.3d 504 (3d Cir. 1999).

6. Consequently, the receipt of the Improper Payments places the Accountant in a position in which it is no longer a disinterested person and therefore is not eligible for retention.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests that this Court deny the Application and grant such other and further relief as may be just and proper.

Dated: August 20, 2026

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: 202.934.4154
John.Schanne@usdoj.gov