**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| WJH Construction, LLC, | § | Case No. 25-13514-AMC |
| Debtor. | § | **Related Docket No. 40** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S**
**CHAPTER 11 PLAN OF REORGANIZATION**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby objects (this "Objection") to confirmation of the proposed *Plan of Reorganization for Small Business Under Chapter 11 Subchapter V, Dated December 3, 2025* (Docket No. 40) (the "Plan") filed by WJH Construction, LLC (the "Debtor"). In support of this Objection, the U.S. Trustee states as follows:

## BACKGROUND

1. On September 3, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code").

2. On December 3, 2025, the Debtor filed the proposed Plan.

3. Although the proposed Plan was filed by the Debtor on December 3, 2025, the Debtor did not proceed to seek confirmation of the Plan in this subchapter v case. Therefore, on July 23, 2026, the U.S. Trustee filed the *Motion Of The United States Trustee For Status Conference* (Docket No. 67), pursuant to which the U.S.

Trustee requested scheduling of a status conference and entry of a scheduling order requiring the case to proceed expeditiously to a confirmation, including scheduling of the confirmation hearing.

4. On August 26, 2026, the Court entered the *Order (i) Scheduling A Hearing On Plan Confirmation, (ii) Approving Plan Solicitation And Voting Procedures And Voting Materials, (iii) And Establishing Deadlines And Notice Procedures In Connection With Confirmation Of The Plan* (Docket No. 94) (the "Scheduling Order"). Pursuant to the Scheduling Order, the confirmation hearing is scheduled for October 14, 2026 at 12:30 p.m.

5. On September 25, 2026, the U.S. Trustee filed the *Motion of the United States Trustee to Dismiss Debtor's Case or Convert to Chapter 7 for Failure to File Operating Reports and Comply with Court Order* (Docket No. 106) (the "Motion"). Pursuant to the Motion, the U.S. Trustee requests a finding of "cause" under Bankruptcy Code section 1112(b) for, among other things, a failure to file monthly operating reports. The Motion is set for hearing on October 28, 2026 at 12:30 p.m.

## OBJECTION

6. The U.S. Trustee objects to confirmation of the Plan because the Debtor cannot carry its burden of demonstrating that the Plan complies with the applicable provisions for confirmation of a subchapter v bankruptcy plan. *In re Walker*, 628 B.R. 9, 18 (Bankr. E.D. Pa. 2021) ("To obtain confirmation of the Plan under chapter 11 of the Bankruptcy Code, the Debtor has the burden of proving that the plan satisfies all the confirmation requirements of the Bankruptcy Code.").

7. An examination of the Debtor's historical financial performance is necessary to anticipate, and thereby project, the Debtor's future financial performance under the proposed Plan. *See* 11 U.S.C. § 1190(1)(C). Moreover, the Plan's proposed payments must be feasible, such that the Debtor is not likely to default and require liquidation or further financial reorganization. *See* 11 U.S.C. § 1129(a)(11); *see also* 11 U.S.C. § 1191(c)(3)(A) (plan must provide that debtor will make all plan payments or that there is a reasonable likelihood that the debtor will be able to make the payments).

8. The Debtor has the burden of demonstrating that the Plan is feasible. *In re GAC Storage Lansing, LLC*, 485 B.R. 174, 182 (Bankr. N.D. Ill. 2013); *see also In re Sentinel Mgmt. Grp., Inc.*, 398 B.R. 281, 292 (Bankr. N.D. Ill. 2008) ("The proponent of the plan bears the burden of establishing that each requirement set forth in § 1129(a) has been met.").

9. The purpose of the feasibility requirement is "to prevent the confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation." *In re Biz As Usual, LLC*, 627 B.R. 122, 130 (Bankr. E.D. Pa. 2021).

10. "In determining whether a plan is feasible, the bankruptcy court has an obligation to scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable." *In re Chadda*, 2007 Bankr. LEXIS 4213, at *14-15 (Bankr. E.D. Pa. Nov. 9, 2007) (internal quotations omitted) (confirmation was denied as not feasible, in part, because the debtor's projected

income from proposed businesses appeared to be no more than speculation without foundation).

11. "Projections of the income necessary to finance a plan of reorganization must be based on concrete evidence of financial progress and must not be speculative, conjectural or unrealistic." *In re Dupell*, 2000 Bankr. LEXIS 118, at *23 (Bankr. E.D. Pa. Feb. 15, 2000) (confirmation of debtor's plan was denied, and case was dismissed).

12. "Section 1129(a)(11) requires the plan proponent to show concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the plan.'" *In re Trans Max Techs., Inc.*, 349 B.R. 80, 92 (Bankr. D. Nev. 2006) (internal citation omitted).

13. The starting point for the liquidation analysis required under Bankruptcy Code section 1190(1)(B) is the Debtor's cash on hand. Because the Debtor has not filed the monthly operating reports for July or August (the "MORs"),[1] the Debtor's cash on hand is unknown and a reliable liquidation analysis therefore cannot be provided. MORs provide vital information about the case to the Court, the U.S. Trustee, and all parties-in-interest. The MORs are essential to understanding the Debtor's financials and prospects for successful reorganization. The Debtor simply cannot satisfy its burden of demonstrating that the Plan

[1] The month of September will also be completed by the time of the confirmation hearing and an MOR needed.

satisfies all the confirmation requirements of the Bankruptcy Code, including those set forth in section 1190, due to its failure to file the MORs.

14. Furthermore, the Debtor had $5,000 in cash as of the commencement of the case. *See* Schedule A, question 3.1 (Docket No. 23). As of its most recent monthly operating report, the Debtor held $3,040.20 in cash. *See* June MOR (Docket No. 74). The Debtor therefore has been cash-flow negative in the more than one year it has been operating in subchapter v.

15. Finally, the Plan's liquidation analysis is dated as of December 3, 2025 and does not attach any analysis. *See*, Plan, Exhibit D. The Plan cannot be confirmed without a current, accurate, and complete liquidation analysis.

16. The Plan is predicated upon a significant project obtained by the Debtor. *See,* Plan, p. 1 ("The Debtor has just procured a significant contract for new construction and has already begun pulling permits for this project. **COPIES OF THIS CONTRACT WILL BE PROVIDED PRIOR TO CONFIRMATION HEARING.**") (emphasis in original). The asserted significant new contract that would improve operations was procured as of December 3, 2025. Yet, as noted above, the case is now approximately ten (10) months out since that time and the Debtor's financial position has deteriorated since the start of the case.[2] Moreover, copies of the contract have not been provided.

[2] The Debtor's failure to file the MORs and provide evidence of its cash position allows the Court to draw the adverse inference that the facts that would be contained therein would be unfavorable to confirmation.

17. The Debtors seeks to pay its accountant $5,000 through the Plan. *See*, Plan, p. 2. Moreover, the Plan provides that the accountant will be making all the payments under the Plan. However, the Debtor's application to retain the accountant was denied. *See Order Denying Application to Employ Ellen De Paul and Cantor Novak Beaver & Pike, PC., as Accountant* (Docket No. 98).[3]

18. The Debtors seeks to pay its counsel $10,000 through the Plan. However, counsel has not filed any fee applications, which are a prerequisite to the receipt of any payment. *See, Order Granting Application to Employ Center City Law Offices, LLC as Counsel to the Debtor* (Docket No. 55) (providing that counsel may only receive compensation after application, notice, and Court approval).

19. The Debtor seeks to make payments to secured creditors outside of the Plan. Such payment is not appropriate in a subchapter v case and any approval thereof would make it impossible to effectively monitor plan compliance or confirm whether the Debtor is dedicating all actual "disposable income" to the reorganization.

20. The Debtor has not requested that the Court set a bar date in this case. The Plan cannot be confirmed where the universe of creditors has not yet been established. Confirmation cannot occur until such time as the bar date is set and occurs.

---

[3] The retention application was denied because the accountant received avoidable post-petition transfers and thus was not a "disinterested person." Since that time there is no indication that the Debtor has engaged in any effort to recover those avoidable transfers for the benefit of the estate.

21. Pursuant to the Scheduling Order, the deadline to file this Objection is prior to the deadline for the Debtor to file a report of plan voting. This Objection is also filed prior to the time of the Debtor's filing of a proposed form of confirmation order. The U.S. Trustee reserves all rights to supplement or amend this Objection.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems just and proper.

Dated: September 29, 2026

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: /s/ John Schanne
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Telephone: (202) 934-4154
Email: John.Schanne@usdoj.gov